UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| JOSEPHINE ANTONECCHIA, | **COMPLAINT** |
| Plaintiff, | |
| - against - | 05 CV 6264 |
| EMIGRANT SAVINGS BANK and<br>EMIGRANT FUNDING CORPORATION, | ECF CASE |
| Defendants. | PLAINTIFF DEMANDS<br><u>A TRIAL BY JURY</u> |

------------------------------------------------------------x

Plaintiff, JOSEPHINE ANTONECCHIA, by her attorneys, McCORMICK DUNNE & FOLEY, as and for a complaint against the above-captioned defendants, alleges as follows:

NATURE OF ACTION

<u>FIRST</u>:  This action an action authorized by and instituted under the Age Discrimination in Employment Act of 1967, as amended, (the "Act") 29 U.S.C. § 621 <u>et seq</u>. ("ADEA").

JURISDICTION AND VENUE

<u>SECOND</u>:  Plaintiff, JOSEPHINE ANTONECCHIA ("ANTONECCHIA") is a resident of the State of New York, and has filed a charge of discrimination against defendants with the Equal Employment Opportunity Commission

("EEOC") and more than 60 days have elapsed since the filing of her charge and she has been issued a right to sue letter dated May 6, 2005 (attached hereto as Exhibit "A").

THIRD: Plaintiff has complied fully with all administrative prerequisites to jurisdiction of this Court.  Jurisdiction of this Court is proper under 28 U.S.C. § 1331 and the ADEA, 29 U.S.C. § 626 (c).

FOURTH: As the unlawful employment practices complained of herein occurred within the Southern District of New York, venue is proper within this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## THE PARTIES

FIFTH: Plaintiff, is more than fifty years old, having been born on May 25, 1940.  She was employed by defendant, EMIGRANT SAVINGS BANK ("ESB") in 1992 and by ESB's wholly owned subsidiary, EMIGRANT FUNDING CORPORATION ("EFC") from January 1, 1993 through her forced resignation on or about November 21, 1997.

SIXTH: Defendant, ESB, is a domestic and foreign corporation engaged in the banking business with offices located at 5 East 42nd Street, New York, New York.

SEVENTH: Defendant, EFC, is a domestic and foreign corporation engaged in the banking business with offices located at 6 East 43rd Street, New York, New York.

EIGHTH: Defendant, EFC, is a wholly owned subsidiary of ESB and together employ more than 500 people and both defendant's are employers within the meaning of the ADEA.

## FACTUAL ALLEGATIONS

NINTH: Plaintiff was born on May 25, 1940 and has been employed by and/or both defendants since 1992 until her forced resignation on or about November 21,1997.

TENTH: During plaintiff's employment with the defendants, her performance reviews were always excellent and, indeed, she was promoted to First Vice President in of 1997, the year she was subjected to a forced resignation.

ELEVENTH: On or about November 4, 1997, EFC's president, Richard C. Wald ("WALD") informed plaintiff, then 57 years of age, that he was assigning a 31 year old woman to take over her job and responsibilities effective immediately. He said that plaintiff's skills were no longer needed but that if she chose to stay, he would try and find a space for her and assign her special projects through the end of the year 1997, but he could not commit to maintaining her employment past that time.

TWELFTH:   That, additionally, on November 4, 1997, WALD told plaintiff to vacate her office immediately and was then assigned to a small windowless room containing a trash dumpster.  From November 4, 1997 to her resignation on November 21, 1997 plaintiff was given no assignments and, indeed, she was shunned and ostracized by the entire banking staff on the instructions of personnel of the defendants.

THIRTEENTH:   That plaintiff was neither considered for, nor given the opportunity to transfer to other positions with the defendants that were available and for which she was qualified.

FOURTEENTH:   That, upon information and belief, defendant treated younger employees differently than plaintiff was treated to the detriment of the plaintiff.

FIFTEENTH:   That according to plaintiff's work performance appraisals, prior to November of 1997: she excelled in all categories of problem solving, output, versatility, job knowledge, planning, control, leadership, communication and team work.  Indeed, plaintiff was praised for bringing a "culture of ethics, hard work, vigilance and toughness to the job".  It was also noted that plaintiff had grown with the job and "borrowers and professionals alike respect her intelligence and judgment" and that she was well fitted to handle real estate closings.

SIXTEENTH:	That in January of 1997, she was promoted to First Vice President only to be told ten (10) months later in November of 1997 that she was effectively terminated under the pretext of incompetence.

SEVENTEENTH:	That not only were the defendant's allegations and arguments supporting termination overtly inconsistent with job performances evaluations and categorically denied by plaintiff, but the allegations themselves were all (non-contemporaneous) after the fact pronouncements filed after plaintiff registered her complaint of discrimination.

EIGHTEENTH:	Although ESB's and EFC's internal policy provides for immediate involuntary termination upon a finding of "insubordination" and/or "poor performance" yet, the evidence shows her employer, in fact, wished plaintiff to assist in the transition of her thirty-one (31) year old replacement.

NINETEENTH:	Plaintiff submits that defendants' arguments attempting to justify the termination are demonstrably inconsistent with plaintiff's performance history and in violation with the bank's internal policy, and upon analysis, purely pretextual in nature.

CLAIM FOR RELIEF

TWENTIETH: Plaintiff repeats and realleges paragraphs FIRST through NINETEENTH, as if fully set forth herein.

TWENTY-FIRST: By the acts and practices described above, defendant has discriminated against plaintiff because of her age, in violation of the ADEA.

TWENTY-SECOND: Defendants knew or should have known that their actions constituted unlawful discrimination on the basis of age and/or showed reckless disregard for plaintiff's statutorily protected rights and were willful within the meaning of the ADEA.

TWENTY-THIRD: That plaintiff alleges that the reasons cited by EFC for her discharge are pretextual in that they: are no where found in her job evaluation ratings; are inconsistent with the job evaluation ratings; are inconsistent with her promotion to First Vice President; and are after the fact in that they surface only following plaintiff's complaint of discrimination.

TWENTY-FOURTH: That as a result of the nature of the facts and practices of the defendants, plaintiff claims injury and damage supporting her claim for punitive damages and attorneys fees.

**WHEREFORE**, plaintiff respectfully requests that judgment be entered for all, the relief available under the ADEA, including but not limited to, past salary and benefits; future salary and benefits; compensatory and non-compensatory damages, as well as punitive damages, together with attorneys fees, costs and expenses.

        McCORMICK DUNNE & FOLEY
        Attorneys for Plaintiff

        By_____
          PATRICK F. FOLEY (3311)
        Office and P.O. Box Address
        61 Broadway – Suite 2100
        New York, New York  10006
        (212) 363-1300